David Anaise MD JD
177 North Church Avenue Suite 883
Tucson AZ 85701
Phone: 520-882-3622
Arizona State Bar No. 019653
Email: danaise2002@yahoo.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RICHARD G. RAMSEY, | ) Case No.: _____ |
| Plaintiff, | ) |
| vs. | ) |
| | ) COMPLAINT |
| MANAGEMENT & TRAINING | ) |
| CORPORATION/ARIZONA STATE | ) |
| PRISON KINGMAN | ) |
| and | ) |
| LIFE INSURANCE COMPANY OF N.A. | ) |
| (A CIGNA COMPANY | ) |
| Defendants. | ) |

For his claim against Defendants, Plaintiff, Mr. Richard G. Ramsey, ("Ramsey") alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, et seq.

2.      Plaintiff, Richard G. Ramsey, ("Ramsey") is a resident of Pima County, Arizona and a former employee of Arizona State Prison Complex at Kingman, AZ, whose parent company is Management & Training Corporation ("MTC").

3.      Defendant, Management & Training Corporation/Arizona State Prison Kingman, ("employer" or "MTC") is the policyholder, plan sponsor and plan administrator of the long-term disability plan.

4.   CIGNA Group Insurance, ("CIGNA") has been acting as the claim administrator for the relevant policy of insurance.

5.   Defendant, Life Insurance Company of North America, a CIGNA Company, ("Life Insurance") is the underwriter for the relevant policy of insurance.

6.   The Long-Term Disability Plan provided by Life Insurance ("the Plan") is a purported ERISA benefit plan established and maintained by the Policyholder (MTC) for the benefit of its employees.

7.   The Plan is part of a purported ERISA employee welfare plan, established, funded, and maintained by employer and administered by MTC, Life Insurance, and CIGNA.

8.   Life Insurance is a Plan Fiduciary as defined by ERISA.

9.   This Court has jurisdiction over the Plan by virtue of the provisions of ERISA 29 U.S.C. §1132, and because the Plan and Life Insurance have caused events to occur in Arizona out of which Ramsey's claims arise.

10.   This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. §1132(a), (e), 28 U.S.C. §1331 (federal question); and 28 U.S.C. §2201-02 (declaratory judgments).

11.   Venue is proper in this District by virtue of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(b).

**GENERAL ALLEGATIONS**

12.   MTC provided certain employees with long-term disability insurance pursuant to the Plan.

13.   At all relevant times, Ramsey was an employee of MTC, became a covered individual under the Plan, and remained continuously an employee.

14. Ramsey qualified for the Long Term Disability Benefits under the Plan.

15. Under the terms of the Plan, CIGNA promises and becomes obligated to pay covered long-term disability benefits to Ramsey for 24 months if, due to sickness or injury, he is unable to perform the material duties of his regular occupation and is unable to earn 80% or more of his indexed earnings from working in his regular occupation.

16. After 24 months, CIGNA promises and becomes obligated to pay covered long-term disability benefits to Ramsey, if due to sickness or injury, he is unable to perform the material duties of any occupation for which he is or may reasonably become qualified based on education, training, or experience and is unable to earn 60% or more of his indexed earnings.

17. Prior to becoming disabled, Ramsey was an Associate Deputy Warden.

18. On October 21, 2010, Ramsey became disabled and was unable to perform the duties of his occupation as an Associate Deputy Warden.

19. Ramsey suffers from disabling conditions which prevent him from being able to perform the material duties of his regular occupation, or any other occupation for which he is or may reasonably become qualified based on his education, training, or experience.

20. Ramsey continues to be totally disabled as defined by the Plan.

21. On January 7, 2011, CIGNA approved Ramsey for disability benefits beginning January 19, 2011.

22. On December 2, 2011, CIGNA determined that Ramsey was no longer disabled and thus not eligible to receive additional benefits.  CIGNA terminated the benefits effective December 1, 2011.  We appealed that decision.

23.   On May 16, 2012, CIGNA issued a denial upholding their prior decision to terminate benefits effective December 2, 2011, and we appealed again.  On October 18, 2012, CIGNA issued its final denial.

24.   CIGNA's denial was erroneous, contrary to and in breach of the terms of coverage, and was based on erroneous information and false assumptions.  The denial was based upon an incomplete, biased record, directed, and steered by CIGNA's own claims process, without basis in objective research, fact, or analysis.  CIGNA placed its financial interests ahead of Ramsey's interests.

25.   Ramsey has satisfied all of the jurisdictional prerequisites to filing a claim in federal court.

26.   On information and belief, Ramsey may be entitled to additional benefits from the MTC as a disabled employee including, but not limited to, health insurance, life insurance, and retirement/pension credits.

## COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

27.   Ramsey incorporates and re-alleges all previous allegations.

28.   The Plan is an Employee Welfare Benefit Plan as defined in ERISA, 29 5 U.S.C. § 1002.  Defendants are administrators and fiduciaries of said Plan under the provisions of ERISA.

29.   CIGNA and the Plan offer long-term disability coverage and a promise to provide long-term disability benefits until Ramsey is no longer disabled under the terms of the Plan.

30.   Ramsey became disabled on October 21, 2010, continues to be disabled, is unable to perform the duties of his occupation or any other occupation under the terms of the LTD Plan, and has claimed the benefits under the LTD Plan to which he is entitled.

31.   Ramsey reasonably expected that his conditions met the requirements of Total Disability as defined by the LTD Plan.

32.   Despite the coverage of Ramsey's long-term disability, CIGNA has improperly denied continuation of long-term disability benefits to Ramsey in breach of the Plan.  This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and clearly erroneous.

33.   CIGNA's determination that Ramsey was not entitled to benefits was influenced by an improper conflict of interest.

34.   Ramsey has exhausted his administrative remedies.

35.   The validity of a claim to benefits under an ERISA plan is reviewed under a *de novo* standard, unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.  If the Plan gives the administrator or fiduciary this discretionary authority, the court reviews a denial of benefits for abuse of discretion.

36.   A fiduciary's "conflict of interest" is a "factor in determining whether there is an abuse of discretion."  *Saffon v. Wells Fargo & Company Long Term Disability Plan*, 522 F.3d 863, 870 (9th Cir.2008) (quoting *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)) (quoting Restatement (Second) of Trusts § 187 cmt. d (1959)).

37.   Consequently, where the Plan grants the plan administrator discretionary authority, it is only the first step in determining the standard by which the Court reviews its denial of benefits.  *Id.*  The degree of deference to accord varies significantly, depending on whether or not the plan administrator labored under a conflict of interest.  *Id.*

38.   The Ninth Circuit recognizes that there is an "inherent conflict that exists when a plan administrator both administers the plan and funds it."  *Id.*  (citing *Abatie v. Alta Health & CIGNA  Co.*, 458 F.3d 955, 966-67 (9th Cir. 2006) (en banc)).  Whether or not the plan administrator labored under a conflict of interest is not contained in the administrative records and requires discovery prior to the parties filing a motion for summary judgment.

39.   Pursuant to the coverage provided in the LTD Plan, to ERISA 29 U.S.C.§ 1132(a)(I)(B), and to applicable federal and state common law, Ramsey is entitled to recover all benefits due under the terms of the LTD Plan, and to enforce his rights under the terms of the LTD Plan.  Ramsey is further entitled, under the terms of ERISA, 29 U.S.C. § I 132(a)(1)(B) and to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, to clarification in this action in this Court of his rights to future benefits under the LTD Plan.

40.   Ramsey is entitled to reinstatement of any other employee benefits, which were terminated, discontinued, or suspended as a result of the termination of his disability benefits.

41.   Pursuant to 29 U.S.C. § 1132(g), Ramsey is entitled to recover his attorney's fees and costs incurred herein from CIGNA and the Plan.

42.   Ramsey is entitled to prejudgment interest on the benefits to which he is entitled, and

on his damages at the highest legal rate until paid.

WHEREFORE, Ramsey prays for entry of judgment against Defendants as follows:

A.      For all past and future benefits due Ramsey under the terms of the LTD Plan;
B.      Enforcing Ramsey's rights under the terms of the LTD Plan;
C.      Clarifying and determining Ramsey's rights to future benefits under the terms of the LTD Plan;
D.      For an award of Ramsey's attorney's fees and costs incurred herein;
E.      For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and
F.      For such, other and further relief as the Court deems just and reasonable.

RESPECTFULLY SUBMITTED May _____, 2013.


By ____s/DAnaise_____
     David Anaise, M.D., J.D.
     Attorney for Plaintiff

1

CERTIFICATE OF SERVICE

2

I hereby certify that on May 15, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.  Courtesy copy to be delivered on or about May 16, 2013, to:

3

4

United States District Court, District of Arizona
405 W. Congress, Suite 1500
Tucson, AZ 85701-2417

5

Copy of the foregoing to be served via process server on the following with the summonses (when issued):

6

7

Management & Training Corporation
through CT Corporation System
1108 E South Union Ave
Midvale UT 84047

8

9

CIGNA Insurance Company of America
Through:  AZ Dept. of Insurance
2910 North 44th Street, 2nd Floor
Phoenix, AZ  85018

10

11

12

13

s/ Pamela Moore de Gamboa
Asst. to Atty. David Anaise

14

15

G:\clientsP\Ramsey, Richard\Ramsey ERISA Complaint - final 5-15-13.docx

16

17

18

19

20

21

22

23

24

25

26

27

28